IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 28, 2000 Session

## STATE OF TENNESSEE v. ANTHONY LEE RICHARDSON

**Direct Appeal from the Criminal Court for Polk County**
**No. 99-064    Carroll Ross, Judge**

**No. E2000-00699-CCA-R3-CD**
**October 3, 2000**

The appellant appeals the order of the Polk County Criminal Court dismissing the appellant's appeal from the judgment of the Polk County General Sessions Court finding the appellant guilty of telephone harassment. Following a review of the limited record before this court and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., J.J., joined.

Anthony Lee Richardson, Cleveland, Tennessee, Pro. Se.

Paul G. Summers, Attorney General and Reporter, R. Stephen Jobe, Assistant Attorney General and Carl Petty, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 30, 1999, following a bench trial, the appellant, Anthony Lee Richardson, was convicted in the Polk County General Sessions Court of one count of telephone harassment, a class A misdemeanor. The general sessions court sentenced the appellant to two days in the Polk County Jail and additionally placed him on probation. On September 9, 1999, the appellant appealed his conviction to the Polk County Criminal Court. On December 15, 1999, the trial court dismissed the appellant's appeal, finding that the appellant had twice failed to appear before the court on scheduled court dates and had proffered no justification to the court for his failure to appear. The appellant now appeals the order of the trial court dismissing his appeal. In his brief, the appellant presents the following issues for our review: (1) whether the evidence adduced at trial supports his conviction of telephone harassment; (2) whether the general sessions court adequately explained to the appellant his constitutional rights prior to his

trial; and (3) whether the general sessions court erroneously denied the appellant the opportunity at trial to cross-examine the victim in his case.

Initially, Tenn. Code Ann. § 27-5-108(a) (1980) provides that "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit [or criminal] court of the county . . . ." Moreover, the appeal is heard de novo in the criminal court. Id. at (c). Accordingly, the issues now raised by the appellant were subject to resolution in his appeal to the criminal court. The only issue before this court is whether the trial court properly dismissed the appellant's appeal. In this regard, the appellant presents no arguments or citations to authority in his brief that would require this court to set aside the trial court's order of dismissal. Tenn. Ct. of Crim. App. Rule 10(b). Moreover, the official record is totally inadequate as it contains no transcript or statement of the relevant proceedings in the trial court, nor does the record reflect any request by the appellant that such a transcript or statement be prepared. Tenn. R. App. P. 24(b), (c), (e). Accordingly, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE